IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:18-CR-00500-M
Case No. 5:25-CV-00002-M

JESUS GOICOCHEA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the United States' motion to dismiss Petitioner's Section 2255 motion for relief seeking vacatur of his sentence. DE 93. For the reasons contained herein, the United States' motion is GRANTED.

I. **Abbreviated Factual and Procedural History**

In October, 2018, the Raleigh Police Department (RPD) received information about individuals selling cocaine and crystal methamphetamine throughout Wake County, North Carolina. DE 66 ¶ 9. A confidential informant provided the RPD with photographs and descriptions of the suspected dealer and supplier; after investigation, the RPD identified Petitioner as the supplier. *Id.* The investigation ultimately resulted in a search of Petitioner's home and automobile on October 24 and 25, 2018. *Id.* ¶¶ 10–14. From those searches, law enforcement seized cocaine, crystal methamphetamine, four handguns, ammunition, and a large amount of cash. *Id.* ¶¶ 13–14. By the conclusion of the investigation, law enforcement believed Petitioner responsible for 54.7 grams of crystal methamphetamine and 537.13 grams of cocaine—producing a total converted drug weight of 1,201.42 kilograms. *Id.* ¶ 55.

Following the return of a grand jury indictment, charging Petitioner with three criminal counts, he pled guilty to two counts: distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(A) and 18 U.S.C. § 2, and possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. *Id.* at 1. Relevant here, pursuant to his written plea agreement, Petitioner agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, *including any issues that relate to the establishment of the advisory Guideline range*, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, *including one pursuant to 28 U.S.C. § 2255*, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

DE 56 ¶ 2.c. (emphasis added). Additionally, Petitioner's Presentence Investigative Report detailed a significant criminal history. *See* DE 66 ¶¶ 22–30. That history began at age 16, when Defendant was convicted six times in state court for breaking and entering, *id.* ¶¶ 22–28, and continued with other theft offenses over the next two years, *id.* ¶¶ 29–30. Based on that criminal history, and because Petitioner committed the underlying offenses while under a criminal justice sentence, Petitioner was assessed a criminal history score of 9, producing a criminal history category of IV. *Id.* ¶¶ 31–33. Based on that, Petitioner faced a guidelines range of 151–188 months' imprisonment; the court sentenced Petitioner to 180 months. *Id.* ¶ 66, DE 73 at 2.

On January 2, 2025, Petitioner filed the underlying § 2255 motion. DE 82. In it, Petitioner challenges his guidelines computation, contending that some of the charges giving rise to his criminal history score have since been expunged. *Id.* at 2. In response, the United States moved to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. DE 93. The matter is now ripe for consideration.

2

## II. Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 motion by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

## III. Analysis

The court finds that Petitioner's motion should be dismissed for two independently sufficient reasons. First, Petitioner has waived his right to challenge the calculation of his

3

Guidelines range by virtue of entering into his Plea Agreement, by which he expressly "waive[d] knowingly and expressly all rights . . . to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range," and, more specifically, "waive[d] any right to contest . . . [his] sentence in . . . any proceeding under 28 U.S.C. § 2255, excepting a[] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct now known to [Petitioner] at the time of [his] guilty plea." DE 56, ¶ 2.c.

The court discerns no reason in the record to find, nor indeed does Petitioner argue, that Petitioner did not enter the Plea Agreement "knowingly and voluntarily."[1] *See* Fed. R. Crim. Pro. 11. As such, and in light of the express language of the Plea Agreement, the court finds that Petitioner waived the right to collaterally attack his sentence on the basis he raises in the underlying motion (which addresses neither ineffective assistance of counsel nor prosecutorial misconduct). *Cf. United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("Every Circuit Court of Appeals to consider the issue . . . has held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary).

Second, even if the appeal waiver in the Plea Agreement did not foreclose the argument Petitioner raises here, it would fail on the merits because Petitioner has not made "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Petitioner contends that two of the juvenile convictions

---

[1] The court also notes that, throughout its memorandum, the United States makes repeated reference to the arraignment transcript to support the contention that the sentencing court specifically reviewed the appellate and collateral attack waivers with Petitioner. *See, e.g.,* DE 94 at 4, 7. However, the United States has not filed a copy of that transcript or attached it as an exhibit, and it is not otherwise in the docket. As such, the court cannot review the arraignment transcript to determine the accuracy of the United States' allegations.

4

giving rise to his criminal history score have since been "expunged." DE 82 at 4–5. However, Petitioner does little more than allege that these expungements have happened; he provides no evidence that the convictions have actually been expunged. *See* DE 82–1. Petitioner's Exhibit 1, labeled "Records of Expungement," appears to be little more than a completed form requesting vacatur under Section 2255. *Id.* The court, therefore, sees no reason to find that Petitioner's past convictions have been expunged.

Moreover, even if those convictions were expunged, Petitioner does not explain to the court why that would qualify him for a Guidelines range reduction. The Sentencing Guidelines differentiate between expungements related to "innocence or errors of law," and those that are not. U.S.S.G. § 4A1.2, cmt. 10. And as the guidelines make clear, unless a conviction is expunged because of innocence or legal error, the "sentences resulting from [those] convictions are [still] to be counted." *Id.* Here, Petitioner has not alleged that his prior convictions were expunged because of his innocence or some legal error; as such, the court is unconvinced that the alleged expungements would necessitate a decrease in the Guidelines range. Petitioner additionally contends that he is entitled to a further status points reduction pursuant to Amendment 821. However, because the court declines to lower Petitioner's criminal history points based on the alleged expungements, even if Petitioner receives that reduction, his Criminal History Category remains IV. *See* U.S.S.G. Ch. 5 Pt. A. As such, the Guidelines Range is also unchanged. *See id.*

## IV. Conclusion

Petitioner's claim is barred by the waiver in his plea agreement; it would nonetheless fail on the merits. The court thus GRANTS the United States' motion to dismiss, DE 65, DENIES

5

Petitioner's Section 2255 motion, DE 82, DENIES as moot Petitioner's motion for an extension to file a response, DE 97, and DENIES a certificate of appealability.

SO ORDERED this __4th__ day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE